UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RUDY WILKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No. 17-cv-00340-LB<br><br>**ORDER OF SERVICE**<br>Re: ECF No. 13 |

## INTRODUCTION

Rudy Wilkins, an inmate currently housed at San Quentin State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 1 at 5.)[1] The court reviewed his complaint and dismissed it with leave to amend. Mr. Wilkins then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A. The court finds that Mr. Wilkins states a claim against Deputy Vancott and orders that he be served with process.

---

[1] Citations are to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 17-cv-00340-LB

**STATEMENT**

Mr. Wilkins alleges the following in his amended complaint about events that occurred while he was a pretrial detainee at Alameda County's Santa Rita Jail.

During the intake process at the jail, Mr. Wilkins was required to remove all his clothes in a large holding room in full view of 40–50 other people also being booked into the jail.[2] Mr. Wilkins asked Deputy Vancott to take him to a room that "had protective barriers present to shield [the] nakedness of his body" from the other persons being booked into the jail. (ECF No. 13 at 3.) Deputy Vancott refused and then laughed loudly and yelled obscenities, insults, and jokes at Mr. Wilkins. When Mr. Wilkins asked for a grievance form, Deputy Vancott told him to wait until he got to a housing unit to get the form. Deputy Vancott ignored Mr. Wilkins' request to summon the sergeant on duty.

A few days later, Mr. Wilkins filed an administrative appeal. Sergeant Macintire, Lieutenant Harrison, and Lieutenant Peterson denied relief on the administrative appeal. They also failed to properly investigate and discipline the involved persons.

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48

---

[2] The amended complaint does not allege the date on which the search occurred. In his complaint, Mr. Wilkins alleged that the search occurred on January 13, 2013. (ECF No. 1 at 3.)

ORDER – No. 17-cv-00340-LB          2

(1988).

The court earlier determined that Mr. Wilkins stated a claim for an unreasonable search in violation of the Fourth Amendment by alleging that he was required to strip for a search in a place where he was not allowed to shield his unclothed body from the view of many other inmates. (ECF No. 6 at 3.) The court required Mr. Wilkins to link one or more defendants to this claim. (*Id.* at 5-7.) He did so in his amended complaint by alleging that Deputy Vancott refused to allow him to shield his unclothed body from the view of other inmates also being booked into the jail. Liberally construed, the amended complaint states a cognizable claim against Deputy Vancott for a violation of Mr. Wilkins' Fourth Amendment right to be free from an unreasonable search.

The allegations that Deputy Vancott teased and verbally harassed him might be relevant to the reasonableness of the search, but do not give rise to a separate claim for relief. Allegations of verbal harassment or even threats do not state a cognizable claim under § 1983 because "mere words, without more, do not invade a federally protected right." *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986); *see also Gautt v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not amount to constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

The amended complaint does not state a claim against Sergeant Macintire, Lieutenant Harrison or Lieutenant Peterson, who failed to rule in Mr. Wilkins' favor on his inmate appeal about the strip search. The allegations of the amended complaint do not suggest that these supervisory defendants personally participated in the search or did anything to cause the alleged constitutional violation. Their after-the-fact failure to rule in Mr. Wilkins' favor on his inmate appeal does not plausibly suggest that they took part in or caused the alleged Fourth Amendment violation.

The alleged improper handling and incorrect resolution of the inmate appeal also do not amount to a due-process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Prison and jail officials are not liable for a due-process violation for simply failing to process an appeal properly or failing to find in an inmate's favor.

**CONCLUSION**

1. Liberally construed, the amended complaint states a cognizable § 1983 claim against Alameda County Sheriff's Deputy Vancott (badge # 2055) for a violation of Mr. Wilkins' Fourth Amendment right to be free from an unreasonable search. All other defendants and claims are dismissed.

2. The court directs the Clerk of Court to issue the summons and directs the United States Marshal to serve, without prepayment of fees, the summons, a copy of the amended complaint, a copy of all the other documents in the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form on Alameda County Sheriff's Deputy Vancott (badge # 2055), who apparently works at the Santa Rita Jail.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **December 8, 2017**, the defendant must file and serve a motion for summary judgment or other dispositive motion. If the defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant must so inform the court prior to the date the motion is due. If the defendant files a motion for summary judgment, the defendant must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time the motion is filed. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on nonexhaustion of administrative remedies, the defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b. The plaintiff must serve and file his opposition to the summary judgment or other dispositive motion no later than **January 5, 2018**. The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If the defendant wishes to file a reply brief, the reply brief must be filed and served no later than **January 19, 2018.**

4. The plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he or she is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5. All communications by the plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, the plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in

1   every pending case every time he is moved to a new facility or is released from custody.

2   8. The plaintiff is cautioned that he must include the case name and case number for this case
3   on any document he submits to the court for consideration in this case.

4   9. The plaintiff is cautioned that single-spaced documents are unacceptable. Handwritten as
5   well as typed documents are acceptable, but they all "must be double-spaced with no more than 28
6   lines per page." N. D. Cal. Local Rule 3-4(c)(2).

**IT IS SO ORDERED.**

Dated: 09/22/2017

_____

LAUREL BEELER
United States Magistrate Judge