UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUDY WILKINS,

    Plaintiff,

v.

DEPUTY C. VANCOTT,

    Defendant.

Case No. 17-cv-00340-YGR (PR)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

On January 12, 2017,[1] Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983, alleging constitutional violations that took place when he was being booked on January 13, 2013 as a pretrial detainee at the Alameda County Santa Rita Jail ("Santa Rita"). Dkt. 1. Magistrate Judge Laurel Beeler initially determined that Plaintiff stated a claim for an unreasonable search in violation of the Fourth Amendment by alleging that he was required to strip for a search in a place where he was not allowed to shield his unclothed body from the view of many other inmates.[2] *See* Dkt. 6 at 3. Magistrate Judge Beeler dismissed the complaint with leave to amend and required Plaintiff to link one or more Defendants to this claim. *Id.* at 5-7.

On August 30, 2017, Plaintiff filed a first amended complaint ("FAC"), the operative pleading in this action, in which he alleged in part that Deputy Christopher Vancott, the sole Defendant in this action, refused to allow him to shield his unclothed body from the view of other

---

[1] The original complaint has a signature date of January 11, 2017 and was stamped "filed" at the Court on January 23, 2017. *See* Dkt. 1. In his opposition, Plaintiff explains that he gave his complaint to prison authorities for mailing on January 12, 2017. Dkt. 32 at 2, 8. As a *pro se* prisoner, Plaintiff receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (recognizing that the mailbox rule applies to the filing of a federal civil rights complaint). Therefore, the Court deems the complaint filed as of January 12, 2017.

[2] This action has since been reassigned to the undersigned Judge.

inmates also being booked into the jail. Dkt. 13 at 3.[3] Plaintiff seeks declaratory relief as well as monetary and punitive damages.

On September 22, 2017, Magistrate Judge Beeler found that, liberally construed, the FAC stated a cognizable claim against Defendant for a violation of Plaintiff's Fourth Amendment right to be free from an unreasonable search. Dkt. 14 at 2-3. All other claims and defendants were dismissed. *Id.* at 3. The Court served the Fourth Amendment claim against Defendant and issued a briefing schedule.

The Court notes that in his original complaint, Plaintiff had attached pages from his previous action, Case No. C 15-1706 YGR (PR), and indicated that his claim was "dis-joined from [Case No. C 15-1706 YGR (PR)] and refiled in a separate action." Dkt. 1 at 6-8. Thus, the Court now includes some relevant procedural history: In 2015, Plaintiff had filed a prior action alleging a medical care claims against the four doctors and raising numerous other claims against various jail officials. *See* Case No. C 15-1706 YGR (PR). In his proposed second amended complaint filed in Case No. C 15-1706 YGR (PR), Plaintiff claims that he attempted to raise the same Fourth Amendment claim (stemming from the incident during his January 13, 2013 booking). *See* Dkt. 15-7 in Case No. C 15-1706 YGR (PR) at 2-3; *see also* Dkt. 1 at 6-8. However, on February 3, 2016, the Court dismissed his Fourth Amendment claim as improperly joined[4] because the claim was not linked to any of Plaintiff's other claims in that action. Dkt. 18 in Case No. C 15-1706 YGR (PR) at 7-8. The dismissal was without prejudice to filing a new and separate complaint. *Id.* at 8. Almost one year later, on January 23, 2017, Plaintiff filed the instant action. Dkt. 1.

In the present case, Defendant has filed a motion to dismiss the FAC on the grounds that: "(1) it is time-barred under the relevant statute of limitations; (2) Plaintiff fails to allege sufficient

---

[3] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

[4] A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

2

facts to state a claim against Defendant Vancott; and (3) Defendant Vancott is entitled to qualified immunity for his actions or inaction." Dkt. 18 at 1. Plaintiff has filed an opposition. Dkt. 32. Defendant has filed a reply. Dkt. 34. Plaintiff has filed a sur-reply. Dkt. 36.

For the reasons stated below, the Court GRANTS Defendant's motion to dismiss.

## II. FACTUAL BACKGROUND

The following background is taken from Magistrate Judge Beeler's Order of Service:

> [Plaintiff] alleges the following in his [FAC] about events that occurred while he was a pretrial detainee at Alameda County's Santa Rita Jail.
>
> During the intake process at the jail, [Plaintiff] was required to remove all his clothes in a large holding room in full view of 40-50 other people also being booked into the jail.[FN 2] [Plaintiff] asked Deputy Vancott to take him to a room that "had protective barriers present to shield [the] nakedness of his body" from the other persons being booked into the jail. (ECF No. 13 at 3.) Deputy Vancott refused and then laughed loudly and yelled obscenities, insults, and jokes at [Plaintiff]. When [Plaintiff] asked for a grievance form, Deputy Vancott told him to wait until he got to a housing unit to get the form. Deputy Vancott ignored [Plaintiff's] request to summon the sergeant on duty.
>
> [FN 2:] The amended complaint does not allege the date on which the search occurred. In his complaint, [Plaintiff] alleged that the search occurred on January 13, 2013. (ECF No. 1 at 3.)

Dkt. 14 at 2 (footnote in original).

On February 23, 2013, Plaintiff filed an administrative appeal relating to the claim in this matter. Dkt. 1 at 4; Dkt. 13 at 4; Dkt. 36 at 8-9. The record shows that Plaintiff pursued his appeal to the Commanding Officer's level of review, which is the final level. *See* Dkt. 36 at 9. At that final level of review, Lt. Shawn Peterson denied relief on March 19, 2013. *Id.*

The parties agree that Plaintiff was released from custody on March 22, 2013. *See* Dkt. 24 at 4; Dkt. 36 at 3. He was subsequently re-incarcerated, and he is currently still in custody. *See id.*

## III. LEGAL STANDARD

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b)(6)).

3

Dismissal is proper if a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When determining plausibility, allegations pertaining to material facts are accepted as true for purposes of the motion and construed in the light most favorable to the non-moving party. *Wyler-Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

*Pro se* pleadings are to be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). But, a liberal interpretation "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and citations omitted).

### B. Statute of Limitations Generally

As mentioned, Defendant argues that Plaintiff's claim against him is time-barred because the complaint was not filed in compliance with the applicable statute of limitations. Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-78 (2004). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in section 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a section 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999).

A federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 543-44 (1989); *Marks v. Parra*, 785 F.2d 1419, 1419-20 (9th Cir. 1986). California Civil Procedure Code § 352.1 recognizes imprisonment as a disability that tolls the statute of

4

limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however, the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.*

Tolling under section 352.1 is triggered by the plaintiff's arrest and incarceration. *See Elliott v. City of Union City*, 25 F.3d 800, 802-03 (9th Cir. 1994). But if the statute of limitations starts to run again because the prisoner is released, tolling will not be reinstated by subsequent incarceration. *See Boag v. Chief of Police*, 669 F.2d 587, 589 (9th Cir. 1982) (construing Oregon tolling provision similar to California's and holding tolling ceased upon prisoner's release on parole), *cert. denied*, 459 U.S. 849 (1982); *Williams v. Coughlan*, 244 F.2d 6, 8 (9th Cir. 1957) (holding statute of limitations not tolled after prisoner released); *Deutch v. Hoffman*, 165 Cal. App. 3d 152, 156 (1984) (statute of limitations not tolled during period when prisoner was on parole).

## IV.   ANALYSIS

### A.   State's Tolling Provisions

Here, Plaintiff's FAC has raised a cognizable Fourth Amendment claim stemming from an incident on January 13, 2013. Therefore, it seems that Plaintiff's cause of action accrued, that is began to run, no later than that date. Consequently, had Plaintiff remained continuously incarcerated for at least two years thereafter, Plaintiff, under California law, would have had at most four years from the date on which his claim accrued in which to commence his action against Defendant (two years under Cal. Code Civ. Proc. § 335.1 and an additional two years under Cal. Code Civ. Proc. § 352.1). Thus, Plaintiff would have been required to file his original complaint in the instant action no later than January 13, 2017. *See Sain v. City of Bend*, 309 F.3d 1134 at 1136-37 (9th Cir. 2002) (holding federal action containing federal cause of action commences when complaint filed).

Defendant argues, however, that the period of statutory tolling under section 352.1 ended, and time under the statute of limitations began to run again, when Plaintiff's disability of imprisonment ended due to his release from custody on March 22, 2013. Dkt. 24 at 3-5.

5

Defendant further argues that tolling was not reinstated during Plaintiff's subsequent periods of reincarceration. *Id.* at 4. Defendant maintains, therefore, that once Plaintiff was released from custody on March 22, 2013, he was required to commence his action against Defendant within the two-year period afforded by section 335.1, i.e., by March 22, 2015. Plaintiff did not commence his action, however, until he filed his original complaint in the instant action on January 12, 2017.

In his sur-reply, Plaintiff concedes that he was released from custody on March 22, 2013, *see* Dkt. 36 at 3, but he argues that even if the statutory time began to run upon his release tolling was reinstated when he was reincarcerated on April 24, 2013, *id.*

The Court finds Plaintiff's argument unpersuasive. The disability of imprisonment is triggered by a plaintiff's arrest and incarceration. *See Elliott*, 25 F.3d at 802-03. However, as mentioned above, such disability ends when the plaintiff is released from physical custody. *See* Cal. Civ. Proc. Code §§ 352.1(a) & 335.1; *see also e.g.*, *Boag*, 669 F.2d at 589; *Coronado v. Gilbertson*, No. 01-3602 TEH (PR), 2002 WL 1483843, *2 (N.D. Cal. 2002) (holding tolling period under California statute ended when plaintiff released on bail). Moreover, Plaintiff's subsequent reincarnation does not reinstate tolling under section 352.1, because that section tolls the statutory time only during the continuance of the disability that existed at the time the cause of action arose. *See* Cal. Code Civ. Proc. § 352.1 (providing prisoner entitled to statutory tolling if imprisoned "at the time the cause of action accrued"); *see also Boag*, 669 F.2d at 589 (holding subsequent reincarceration does not reinstate prior disability of imprisonment for purposes of statutory tolling); *Young v. Perez*, No. 5:15-cv-00456 MWF (GJS), 2016 WL 4265780, at *2 (C.D. Cal. June 15, 2016) (plaintiff's claim was tolled under section 352.1 from the date of accrual until his release from custody, but not during his subsequent periods of reincarceration); *Polk v. Calvin*, No. C 08-1483 MMC (PR), 2013 WL 3815245, at *7 (N.D. Cal. Jul. 22, 2013) (same); *Choma v. Arnold*, No. CV 11-5906-DSF (JEM), 2012 WL 1340387, at *2 (C.D. Cal. Mar. 19, 2012) (same). Consequently, the Court concludes that, based on the applicable California statutes, the limitations period began to run when Plaintiff was released on March 22, 2013, and he was required to commence his action by no later than March 22, 2015.

As mentioned above, Plaintiff did not file this action until January 12, 2017, almost two

years after the statute of limitations expired on March 22, 2015. Plaintiff's claim, therefore, is barred by the statute of limitations, and this action should be dismissed unless Plaintiff can show that he is entitled to equitable tolling.

### B. Equitable Tolling[5]

Liberally construed, Plaintiff offers two theories upon which equitable tolling should be applied to his claim namely, the pendency of other administrative remedies which needed to be exhausted and the filing of an earlier, *almost*-timely action. The Court addresses each.

#### 1. Exhaustion of Administrative Remedies

In his sur-reply, Plaintiff points out that he exhausted his administrative remedies with regard to the claim in this action. Dkt. 36 at 2-3. He complains of delays in the jail officials' review of his relevant appeal. *See id.*

The Court notes that with respect to the potential unfairness of the statute limitations running during exhaustion of administrative remedies, the issue is more appropriately addressed through equitable tolling. *Soto v. Sweetman*, 882 F.3d 865, 869 (9th Cir. 2018) (claim accrued at time of incident, not when administrative remedies have been exhausted).

Though not entirely clear, it appears that Plaintiff is arguing that the statute of limitations did not begin to run until he had exhausted his administrative remedies when the Commanding Officer denied relief on March 19, 2013. *See* Dkt. 36 at 2-3. In essence, Plaintiff seems to be arguing that he was entitled to equitable tolling while he was pursuing his administrative remedies and that, once that was done, he was entitled to the two-year tolling provision under section 352.1.

---

[5] There are two doctrines which may apply to extend the limitations period on equitable grounds—equitable tolling and equitable estoppel. *Lukovsky v. San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). Equitable tolling focuses on "whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002). "Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" *Lukovsky*, 535 F.3d at 1051 (citing *Johnson*, 314 F.3d at 414). Here, Plaintiff has not demonstrated that he relied on Defendant's misconduct in failing to file in a timely manner and thus he has not plead with particularity the facts which give rise to the claim of fraudulent concealment. Therefore, the Court will only focus on any claims of an entitlement to equitable tolling.

7

*See, e.g.*, *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) (holding statute of limitations is tolled while prisoner exhausts administrative remedies). Meanwhile, Defendant argues that "[w]hile it is true that the limitations period is tolled while an inmate exhausts his administrative remedies, . . . *Brown*'s equitable tolling doctrine runs concurrently, not consecutively, with section 352.1's tolling provision." Dkt. 34 at 4, fn. 1 (citing *Oliver v. McDaniel*, No. CV 14-0334-JVS (PJW), 2016 WL 4535389, at *3 (C.D. Cal. June 2, 2016) (explaining when two tolling provisions apply to the same period of time, they overlap each other and are not tacked onto each other); *Lopez v. Schwarzenegger*, 2012 WL 78377, at *5 (E.D. Cal. Jan. 10, 2012) (concluding, when two or more reasons for tolling co-exist, tolling is concurrent, not consecutive); *Gutierrez v. Butler*, 2008 WL 436948 (E.D. Cal. Feb. 14, 2008) (explaining one period of disability "cannot be 'tacked' onto another so as to artificially extend the time" for the limitations period).

The Court agrees with Defendant, and in any event, also finds that the result would not change *even if* it ran consecutively because Plaintiff is not entitled to section 352.1's tolling. Here, Plaintiff had fully exhausted his administrative remedies on March 19, 2013 which was *before* he was released from custody on March 22, 2013. *See* Dkt. 36 at 9. As mentioned above, based on the applicable California statutes, the limitations period began to run when he was released on March 22, 2013. *See supra.* Therefore, the Court finds that *Brown*'s tolling doctrine does not save Plaintiff's complaint from dismissal.

### 2. Prior Civil Rights Action

Next, Plaintiff could be arguing that he is entitled to equitable tolling of the statute of limitations based on the filing of an earlier, *almost*-timely action. The Court pointed out above that when Plaintiff filed his original complaint, he attached pages from his previous action, Case No. C 15-1706 YGR (PR), and indicated that his Fourth Amendment claim was "dis-joined from [Case No. C 15-1706 YGR (PR)] and refiled in a separate action." Dkt. 1 at 6-8. While Plaintiff makes general arguments relating to his entitlement to tolling, the Court construes his argument and reference to refiling his claim to equate to an argument that equitable tolling should apply during the pendency of his prior civil rights action, in which he claims he had raised the same

claim at issue in the instant action.[6]

As explained above, the record shows that Plaintiff had filed a prior action on April 2, 2015,[7] raising various claims stemming from his incarceration at Santa Rita. *See* Case No. C 15-1706 YGR (PR). On November 5, 2015,[8] Plaintiff filed a proposed second amended complaint in his prior action, in which he claims he raised the same Fourth Amendment claim by attaching a copy of the administrative appeal relating to the January 13, 2013 incident. *See* Dkt. 15 in Case No. C 15-1706 YGR (PR); Dkt. 15-7 in Case No. C 15-1706 YGR (PR) at 2-3. Arguably, Plaintiff did *not* actually attempt to raise the Fourth Amendment claim until he filed the second amended complaint November 5, 2015, which is *after* the expiration of the statute of limitations on March 22, 2015. Thus, it would be unlikely that equitable tolling would apply since the limitations period had already run. Even if Plaintiff had attempted to raise the Fourth Amendment Claim when he filed his original complaint on April 2, 2015, that date is still *after* the expiration of the statute of limitations on March 22, 2015. However, because the original complaint was filed only *eleven* days after the March 22, 2015 expiration of the limitations period, the Court will be *very liberal* in construing Plaintiff's equitable tolling argument to be a request for tolling as of the date the original complaint was filed in his prior case—April 2, 2015.

Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002); *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009). Because we borrow California's statute of limitations, we also apply California's equitable tolling rules.

---

[6] Defendant does not address whether Plaintiff is entitled to equitable tolling based on the filing of his earlier action. *See* Dkts. 18, 34. Because the Court is able to consider this potential equitable tolling argument without any additional briefing from the parties, no such briefing is necessary.

[7] Plaintiff receives the benefit of the prisoner mailbox rule, and the Court deems his complaint in his earlier action as filed on April 2, 2015, which is the date it was signed and when he likely gave it to prison officials to mail to the court. *See Stillman*, 319 F.3d at 1201; *Douglas*, 567 F.3d at 1109.

[8] Again, Plaintiff receives the benefit of the prisoner mailbox rule, and the Court deems his second amended complaint in his earlier action as filed on November 5, 2015. *See supra* fn. 7.

*Id.* Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court. Under California law, equitable tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: "'(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)). Upon satisfying the three-pronged test, a plaintiff should be relieved from the limitations bar. *Id.* at 1140; *see, e.g., Azer*, 306 F.3d at 936-37 (granting equitable tolling where plaintiff satisfies three-prong test and finding that by filing an official-capacity action in state court plaintiff provided individual defendants within state office adequate notice that they might be subject to a civil rights suit).

However, where, as here, a plaintiff could argue that he is entitled to tolling of the statute of limitations based on the filing of an earlier, timely (or in this case, *almost*-timely) action, a general equitable rule ("*Bollinger* rule") may apply. *See Addison*, 21 Cal. 3d at 318-19 (citing *Bollinger v. National Fire Ins. Co.*, 25 Cal. 2d 399 (1944)). The *Bollinger* rule of tolling will apply when "(1) the plaintiff [has] diligently pursued his or her claim; (2) the fact that the plaintiff is left without a judicial forum for resolution of the claim [is] attributable to forces outside the control of the plaintiff, [i.e., the dismissal of the first action was in error and, thus, due to forces outside of his own control]; and (3) the defendant [is not] prejudiced by application of the doctrine (which is normally not a factor since the defendant will have had notice of the first action)." *Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1336 (1994) (brackets added). California law makes clear that in order to be entitled to equitable tolling under the *Bollinger* rule, a plaintiff must demonstrate all three *Bollinger* factors. *See Allen v. Greyhound Lines, Inc.*, 656

F.2d 418, 421 (9th Cir. 1981) ("The [California Supreme Court] thus made it clear that to avoid the literal language of [section 335], the plaintiff must demonstrate the existence of those three factors present in *Bollinger*."); *Hull*, 28 Cal. App. 4th at 1337 (reiterating that the three *Bollinger* factors are prerequisites expressly required to apply tolling); *Wood v. Elling Corp.*, 20 Cal.3d 353, 361 (1977) ("the concurrence of the three factors present in *Bollinger* is essential to an application of the rule").

With respect to the first argument, it seems that equitable tolling is not applicable in Plaintiff's case because his first action was not one in a separate forum, such as in a state court or administrative forum, but in the *same* forum. *See Thomas v. Gilliland*, 95 Cal. App. 4th 427, 525 (2002) ("The doctrine of equitable tolling, however, only applies where the plaintiff has alternate remedies and has acted in good faith."); *Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 985 (1998) ("[A]ppellants pursued successive claims in the same forum, and therefore equitable tolling did not apply"). That is, Plaintiff's first action was not one of several legal remedies that he chose to pursue in order to "lessen the extent of his injuries or damage." *Cervantes*, 5 F.3d at 1275. In any event, the Court will still consider whether all three *Bollinger* factors are present before equitable tolling can apply.

### a. *Bollinger* factors

In *Bollinger*, a plaintiff filed a timely action against his fire insurance carrier, but that action was erroneously dismissed by the trial court. 25 Cal. 2d at 404-05. The California Supreme Court held, that, under its equitable power, and under those circumstances, the plaintiff could file a second action against the carrier outside the statute of limitations. *Id.* at 410-11. The court held that tolling was appropriate because (1) the original dismissal was erroneous; (2) the plaintiff had diligently pursued his claim; and (3) the defendant was not prejudiced. *Id.*

In contrast here, Plaintiff cannot satisfy all three *Bollinger* factors. Specifically, Plaintiff fails to satisfy the second *Bollinger* factor because he does not allege that the Court erred in dismissing his Fourth Amendment claim without prejudice in his first action, or that it was dismissed due to forces outside of his own control.

Despite Plaintiff's prior civil rights action, Case No. C 15-1706 YGR (PR), being *almost-*

11

timely filed, the Court's dismissal of the Fourth Amendment claim for misjoinder was *not* in error and, thus, *not* due to forces outside of his own control. The record in Case No. C 15-1706 YGR (PR) shows that Plaintiff had attempted to raise the Fourth Amendment claim in his second amended complaint. Upon reviewing that complaint, Magistrate Judge Beeler dismissed Plaintiff's Fourth Amendment claim without prejudice to filing a new and separate complaint because of improper joinder. Dkt. 18 in Case No. C 15-1706 YGR (PR) at 7-8. Plaintiff has not and cannot demonstrate that Magistrate Judge Beeler's dismissal of his Fourth Amendment claim in his first action was erroneous and due to forces outside of his own control— the second *Bollinger* factor. Having so concluded, the Court finds Plaintiff is not entitled to equitable tolling of the statute of limitations and declines to address the remaining two *Bollinger* factors. *See Wood*, 20 Cal. 3d at 361 (all three elements must be present before equitable tolling will apply); *Hull*, 28 Cal. App. 4th at 1336, n. 7 (because plaintiff failed to meet first two prongs for equitable tolling court need not determine third prong of whether defendants would be prejudiced).

### b. Supporting California Cases Applying the *Bollinger* Rule

A review of several California cases applying the *Bollinger* rule is helpful here. In *Tannhauser v. Adams*, 31 Cal. 2d 169, 177 (1947), the plaintiff filed an action to quiet title. The suit was later dismissed for want of prosecution. Six months later, the plaintiff *Tannhauser* filed a motion to set aside the order, which was denied. Thereafter, the plaintiff filed an untimely second action. The California Supreme Court concluded that the plaintiff was not entitled to equitable tolling under *Bollinger*, because the first action was not diligently pursued, and the first action was dismissed due to the plaintiff's own error. *Id.* at 177-78.

Also, in *Hull*, the plaintiff brought a medical malpractice action in state court. 28 Cal. App. 4th at 1331. She sought leave to amend, which was denied, and then filed a new action in state court alleging the same cause of action she brought in her first suit and adding another claim. The California Court of Appeal concluded that the second suit was barred by the statute of limitations because the plaintiff had not diligently pursued the claims asserted in the second action, and, due to the plaintiff's own failure to comply with the civil rules, the plaintiff failed to amend her complaint properly in the first action. *Id.* at 1336.

Finally, in *Hu v. Silgan Containers Corp.*, 70 Cal. App. 4th 1261, 1270-71 (1996), the plaintiff brought a timely action against her employer for discrimination, but failed to pay the filing fee. After the statute of limitations had expired, the court voided the filing based on the plaintiff's failure to pay. Thereafter, the plaintiff paid the filing fee and late charges, but the Superior Court granted judgment on the pleadings to the employer because it had no jurisdiction to "reinstate" the action. The California Court of Appeal rejected the plaintiff's argument for equitable tolling, making a distinction between cases in which a plaintiff chooses between several different forums in filing his first suit, and cases in which a plaintiff files a defective first action. *Id.* at 1270-71. The state appellate court applied *Bollinger* and concluded that because the plaintiff failed to demonstrate dilatory actions on the part of defendants, or error on the part of the Superior Court, he was not entitled to equitable tolling.

In sum, applying California case law to the instant action, Plaintiff is not entitled to equitable tolling. Plaintiff did not allege, and the Court has not found, that Magistrate Judge Beeler's dismissal of the Fourth Amendment claim in Case No. C 15-1706 YGR (PR) for misjoinder was erroneous and due to forces outside of his own control. Plaintiff's failure to satisfy joinder requirements in Case No. C 15-1706 YGR (PR), combined with the lack of error on Magistrate Judge Beeler's part, do not satisfy the elements required to equitably toll the statute of limitations. *See, e.g.*, *Sandoval v. Barneburg,* No. C 12-3007 LHK (PR), 2013 WL 5961087, at *3 (N.D. Cal. Nov. 7, 2013) *reconsideration denied*, No. C 12-3007 LHK (PR), 2014 WL 1761001 (N.D. Cal. May 2, 2014) (finding *pro se* prisoner not entitled to equitable tolling during pendency of his prior federal action which was dismissed for his failure to comply with the court's directions to cure deficiencies, including misjoinder and failing to link individual defendants to specific acts); *Watkins v. Singh*, No. 2:12-cv-1343 GEB DAD P, 2014 WL 2930536, at *4 (E.D. Cal. June 27, 2014) (finding plaintiff was not diligent in pursuing his claims and was not entitled to equitable tolling).[9]

---

[9] The Court has found numerous unpublished opinions supporting this view.

13

Accordingly, Plaintiff's FAC is untimely, and Defendant's motion to dismiss is GRANTED.[10]

## V. CONCLUSION

For the reasons outlined above, Defendant's motion to dismiss the FAC is GRANTED. Dkt. 18. The instant action is DISMISSED with prejudice as time-barred.

Further, this Court CERTIFIES that any *in forma pauperis* ("IFP") appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall terminate all pending motions and close the file.

This Order terminates Docket No. 18.

IT IS SO ORDERED.

Dated: August 7, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[10] The Court's granting Defendant's motion to dismiss—based on the assertion that Plaintiff's Fourth Amendment claim is time-barred under the relevant statute of limitations—obviates the need to address Defendant's alternative arguments in the present motion.